**Ashot KESAPYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71485.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Reynold E. Finnegan, Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Molly L. Debusschere, OIL, Aviva L. Poczter, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Ashot Kesapyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand to apply for adjustment of status and dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review factual findings for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), the denial of a motion to remand for abuse of discretion, *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003) and due process claims de novo, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination because Kesapyan submitted a fraudulent letter documenting that he was a member of a church in Armenia and this went to the heart of his claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Substantial evidence also supports the agency's adverse credibility determination because Kesapyan's testimony regarding whether the armed men who came to his house knew he was Christian was internally inconsistent, *see Li,* 378 F.3d at 962. Kesapyan failed to adequately explain this inconsistency when given the opportunity, *see Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir.2005), and it goes to the heart of his claim, *see Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Kesapyan's asylum claim fails.

Because Kesapyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because the BIA adopted and affirmed the IJ's decision, Kesapyan's due process claim as to CAT fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that there is no due process violation where there is no error).

■ The BIA did not abuse its discretion in denying Kesapyan's motion to remand to file his family petition because he failed to make out a prima facie case that his marriage is bona fide. *See Malhi,* 336 F.3d at 994. Further, Kesapyan failed to show a due process violation. *See Lata,* 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.